# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | |
|---|---|
| Muhammad W.K. Abdul Qadir,<br>  PLAINTIFF,<br> vs.<br>Latrell S. Wilson; Donald Martin; Sgt. Roy Drake; Cheraw City Police Department; Insurance Adjustor Rodney Spain; Progressive Direct Insurance; Unknown Federal U.S. Postal Employees; Attorney David H. Maybank; Attorney Bradley L. Lanford; Attorney Michael T. Coulter; Attorney Raymond D. Turner; Anderson Used Auto Parts (All-State), unknown owner; Credit Collection Services Commercial; South Carolina Department of Motor Vehicles; Judge Roger Henderson; Alan Wilson, S.C. Attorney General; and Unknown Processors; All of the Above Defendants acting individual capacity as well as co-conspirator of the conspiracy,<br>  DEFENDANTS. | Case No. 4:17-cv-02193-TLW<br><br><br>**Order** |

  Plaintiff Muhammad W.K. Abdul Qadir, proceeding *pro se* and *in forma pauperis,* filed this action alleging various claims against the Defendants, who allegedly conspired to frame Plaintiff for a traffic ticket after a minor car accident as part of a false insurance claim. ECF No. 1. The matter now comes before the Court for review of a Report and Recommendation (R&R) filed on September 5, 2017, by Magistrate Judge Hodges, to whom this case was assigned pursuant to the provisions of 28 U.S.C. § 636(b)(l)(B) and Local Civil Rule 73.02(B)(2), DSC. In the R&R, the magistrate judge recommends that Plaintiff's case be dismissed without prejudice and without issuance and service of process for failure to state a claim upon which relief can be granted because it does not state any cognizable legal claim. ECF No. 9. Plaintiff timely filed objections to the R&R on September 19, 2017. ECF No. 11. Plaintiff also moved for leave to file an amended

1

complaint. ECF No. 12. However, Plaintiff did not include a proposed amended complaint, and the Court granted Plaintiff an extension of time to file a motion with a proposed amended complaint. *See* ECF No. 15. Plaintiff timely filed his motion for leave to amend, with a proposed amended complaint, on December 27, 2017. ECF No. 18. Plaintiff has also filed a motion to appoint counsel. ECF No. 19. These matters are now ripe for decision.

In reviewing the R&R, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Hous. Auth. of City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of the standard set forth in *Wallace*, the Court has reviewed, *de novo*, the R&R and the objections. Plaintiff's objections largely restate the jurisdictional and factual statements from the initial complaint and contain conclusory statements regarding error by the magistrate judge. After careful review, the Court finds that Plaintiff's objections are without merit.

Further, Plaintiff asserts that his complaint should not be dismissed for failure to state a claim because claims are generally not dismissed summarily and without issuance and service of process under Rule 12(b)(6). While it is true that such a dismissal generally requires that the complaint be frivolous, *see, e.g., Neitzke v. Williams*, 490 U.S. 319, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989), the Fourth Circuit has held that 28 U.S.C. § 1915(e)(2)(B) applies to non-prisoner,

*pro se* litigants who proceed *in forma pauperis* and that courts reviewing such claims have discretion to dismiss a complaint without issuance and service of process if the court finds the complaint fails to state a claim. *See Michau v. Charleston Cty., S.C.*, 434 F.3d 725, 728 (4th Cir. 2006). Accordingly, the magistrate judge reviewed Plaintiff's claims under the proper standard and properly recommended summary dismissal for failure to state a claim. Therefore, Plaintiff's objections to the R&R are **OVERRULED**.

Additionally, Plaintiff has filed a motion for leave to amend his complaint. The Court notes that leave to amend should be freely given as the interests of justice require and should only be denied where the defendant would suffer prejudice, the moving party acted in bad faith, or the amendment would be futile. *See* Fed. R. Civ. P. 15(a)(2); *Steinburg v. Chesterfield Cty. Planning Comm'n*, 527 F.3d 377, 390 (4th Cir. 2008).

Although there is no indication of bad faith and defendants have not been served and would not be prejudiced, allowing Plaintiff's amended complaint would be futile. The proposed amended complaint does not differ in any meaningful respect from Plaintiff's initial complaint. It is typed rather than handwritten; however, to the extent Plaintiff has added additional facts or clarified previously alleged facts, the proposed amended complaint fails to state a claim for the same reasons articulated in the R&R. Moreover, to the extent the amended complaint can be read to allege any new claims, those claims would be claims under state law and dismissed for lack of subject matter jurisdiction, as the magistrate judge explained in the R&R. Accordingly, the amended complaint would be futile, and Plaintiff's motion for leave to file it, ECF No. 18, is **DENIED**.

Finally, Plaintiff asserts he is entitled to counsel pursuant to *Turner v. Rogers*, 564 U.S. 431, 131 S. Ct. 2507, 180 L. Ed. 2d 452 (2011). While the Court may appoint counsel for indigents as allowed by 28 U.S.C. § 1915(e)(1), there is no reason to do so here. Courts should only appoint

counsel in exceptional circumstances, as determined by two factors: "the type and complexity of the case, and the abilities of the individuals bringing it." *Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984), *abrogated by Mallard v. U.S. Dist. Court for S. Dist. of Iowa*, 490 U.S. 296, 109 S. Ct. 1814, 104 L. Ed. 2d 318 (1989). When weighing these factors, courts should appoint counsel if "a pro se litigant has a colorable claim but lacks the capacity to present it." *Id*.

Plaintiff points to *Turner*, but his reliance is misplaced. Plaintiff filed a civil complaint seeking damages and other relief. *Whisenant* governs the decision to appoint counsel for indigents in cases such as Plaintiff's. *Turner*, by contrast, addressed whether counsel must be provide when a party in family court faces incarceration for civil contempt. It does not apply to these facts.

Applying the proper standard under *Whisenant*, Plaintiff is not entitled to counsel. As discussed above and by the magistrate judge in the R&R, Plaintiff's claims lack merit. Moreover, this case is at the pleading stage where the complexity is not so great. *See, e.g., Banks v. Gore, et al*, No. 16-7512, 2018 WL 2979508, at *5 (4th Cir. June 13, 2018). For these reasons, Plaintiff's motion to appoint counsel, ECF No. 19, is **DENIED**.

After careful review of the R&R and the objections, for the reasons stated by the magistrate judge and the reasons set forth in this opinion, the R&R is **ACCEPTED**. Plaintiff's objections to the R&R are **OVERRULED**. Plaintiff's motion for leave to file an amended complaint, ECF No. 18, is **DENIED**. Plaintiff's motion to appoint counsel, ECF No. 19, is **DENIED**. Accordingly, Plaintiff's complaint is **DISMISSED** without prejudice and without issuance and service of process.

  **IT IS SO ORDERED**.

                    s/Terry L. Wooten
                    Terry L. Wooten
September 17, 2018           Chief United States District Judge
Columbia, South Carolina