IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Muhammad W.K. Abdul Qadir, | Case No. 4:17-cv-02193-TLW |
| PLAINTIFF | |
| v. | Order |
| Latrell S. Wilson, et al., | |
| DEFENDANTS | |

Plaintiff Muhammad W.K. Abdul Qadir, proceeding *pro se*, filed this civil action alleging various federal and state causes of action. ECF No. 1. The magistrate judge to whom the case was assigned conducted a review pursuant to 28 U.S.C. § 1915(e)(2)(B), determined that the complaint was frivolous or failed to state a claim on which relief may be granted, and therefore issued a Report and Recommendation (First Report) recommending that the case be dismissed. ECF No. 9. Plaintiff filed objections to the report and a motion to amend his complaint. ECF Nos. 11, 12.

Because Plaintiff did not submit a proposed amended complaint with his motion to amend, the Court allowed him 30 days to submit a renewed motion to amend with a proposed amended complaint. ECF No. 15. He then did so. ECF No. 18. However, because his proposed amended complaint did not fix the deficiencies outlined in the First Report, the Court accepted the First Report, denied his motion to amend, and dismissed the case without prejudice. ECF No. 20.

Plaintiff filed a notice of appeal, but the Fourth Circuit concluded that the Court's dismissal order was neither a final order nor an appealable interlocutory or

1

collateral order, and therefore dismissed the appeal for lack of jurisdiction. *Qadir v. Wilson*, 748 F. App'x 564, 564 (4th Cir. 2019). The Fourth Circuit directed that, on remand, the Court should either afford Plaintiff another opportunity to amend his complaint or dismiss the complaint with prejudice. *Id.*

After the case was remanded, the Court recommitted the matter to the magistrate judge with direction to determine whether to allow another attempt at an amended complaint or to dismiss the case with prejudice. ECF No. 35. The magistrate judge allowed him additional time to submit a new amended complaint and he did so. ECF Nos. 38, 40.

With the latest amended complaint in hand, the magistrate judge conducted another review pursuant to § 1915(e)(2)(B). After her review, the magistrate judge prepared a new Report and Recommendation (Second Report), noting that "Plaintiff amended the complaint, removing three defendants, but otherwise asserting the same claims." ECF No. 44 at 2. In the Second Report, the magistrate judge engaged in a thorough analysis of the claims raised. She determined that the amended complaint was frivolous or failed to state a claim on which relief may be granted, and therefore recommended dismissal. Plaintiff then filed objections to the Second Report. This matter is now ripe for decision.

In reviewing the Second Report, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other

> standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Hous. Auth. of City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of the standard set forth in *Wallace*, the Court has reviewed, *de novo*, the Second Report and the objections. After careful review of the Second Report and the objections, for the reasons stated by the magistrate judge, the Second Report, ECF No. 44, is **ACCEPTED**. Plaintiff's objections, ECF No. 47, are **OVERRULED**. Because Plaintiff has failed to cure the deficiencies outlined in the First Report and the Second Report, despite being given ample opportunity to do so, this case is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**.

*s/ Terry L. Wooten*
Terry L. Wooten
Senior United States District Judge

April 15, 2020
Columbia, South Carolina

3